## W. A. McCAULEY v. STATE.

No. A-6040.   Opinion Filed March 31, 1928.
(265 Pac. 654.)

Thos. Norman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, W. A. McCauley, hereinafter called defendant, was convicted, and, in accordance with the verdict of the jury sentenced to pay a fine of $50 and cost and 30 days in the county jail, on information charging that he had in his possession a certain still, which said still was then and there fit for and used for the manufacture of intoxicating liquor, to wit, corn whisky. To reverse the judgment, he has appealed, and assigns as errors certain rulings of the court.

The testimony on behalf of the state is, in substance, as follows: John W. Ginn states that he lived in Carter county and was deputy sheriff; that he knew W. A. McCauley and Opie McCauley; that Allison McCauley lived about 6 or 7 miles northeast of Ardmore; that he went to the McCauley house with a search warrant; they searched the house, but made the principal search in a hog pasture north of the house, close to a tank or pool of water; they found a furnace built out of rocks 2 or 3 feet wide, with an iron rod laid across, all right up on a hill, 12 or 15 feet back toward the house from the furnace four or five barrels and a 75-gallon boiler, a cooling keg, mash in the bottom of all the barrels; these articles found were about 150 yards from the house of the defendant.

On cross-examination, the witness testified that Allison McCauley was a married man, had a wife and children; that he got a search warrant before he went to McCauley's house, and told the defendant's wife that he had the search warrant; that the 10-gallon kegs looked like all 10-gallon kegs, the barrels looked like ordinary wooden barrels; the bottom of the barrels were just moist. Then stated that the 75-gallon container had a hole for a cap something like that large (indicating with his hands) ; there was no cap on the boiler and no coil; he did not see any whisky; did not pay any attention as to whether or not there was a woman's track around the furnace and barrels; never noticed any hogs.

Hale Dunn also testified to the same facts, and also stated there were a woman's tracks around the place where they found the men's tracks. Both witnesses stated these things were in public view, and witness Ginn recalled and testified that hole in the container was about 3 inches in diameter.

The defendant called several witnesses, who testified as to his previous good character. In his own behalf defendant testified that the furnace had been used by his wife while doing her washing to boil clothes; that the barrels found had been used for hauling water; and the boiler mentioned was an old oil tank that he had intended to burn out and fix for use; some of the barrels found were barrels in which he had soaked feed for his hogs. Defendant stated positively that the different things found by the state witnesses had not been used by him to make whisky.

On cross-examination, a witness for the state, Hale Dunn, testified that no one could make whisky with what was found in the defendant W. A. McCauley's hog lot.

The court instructed the jury, in the latter part of instruction 4½:

"You are instructed that a still, as the term is used

in the statute, is a distilling apparatus which can be used in a state or condition it is for the manufacture of liquor by distillation."

The first, eighth, and ninth errors are as follows:

"(1) The court erred in overruling defendant's motion for a new trial."

"(8) The verdict is contrary to the law."

"(9) The verdict is not sustained by the evidence, and is contrary to law and evidence."

These three errors may be considered together, as they all relate to the sufficiency of the evidence to sustain the verdict. The fact that the barrels and other things testified to by the state witnesses were found in the defendant's hog pasture is not sufficient themselves to convict the defendant of having in his possession a still which at the time was fit to use for the manufacturing of intoxicating liquor as alleged in the information.

The testimony on behalf of the state discloses that the alleged boiler they found was without a cap, and that there was no worm. In other words, there were several important parts necessary to constitute a still lacking. It may be some of the things found by the officers could be put together and thereby make a still, but the testimony falls far short of proving that a still was found in the possession of the defendant fit for and could be used for distillation of intoxicating liquors. The verdict of the jury is contrary to law, and is not sustained by the testimony. The motion of the defendant for a new trial should have been sustained.

The sixth assignment of error is as follows:

"(6) The court erred in admitting, over the objection and exception of the defendant, evidence of a search and seizure which was wholly incompetent said search having

been made of the defendant's home or premises without a valid search warrant."

During the trial, the affidavit for the search warrant could not be found, but the defendant in his motion for a new trial sets out what he claims to be the affidavit, and in his brief and argument in support of his sixth assignment of error sets out what he claims to be the affidavit for the search warrant, which affidavit, omitting the caption, is as follows:

"John Ginn, being first duly sworn, on his oath states that W. A. McCauley, in the county and state aforesaid, did on the 7th day of May, 1925, unlawfully have in his possession certain intoxicating liquor and still, and he suspects that the same is situated on the premises where the said W. A. McCauley lives northeast of Ardmore, in violation of law.

"(Signed)    John Ginn."

—and was sworn to before J. W. Butcher, justice of the peace.

The affidavit set forth in defendant's sixth assignment of error and in his brief and argument is insufficient to give the court jurisdiction to issue a search warrant for the home and curtelage of the defendant. It does not describe the premises to be searched, nor does it allege that the home of the defendant is a place of public resort, or that it is used for a storage of intoxicating liquors.

Any testimony secured by reason of the search warrant based upon the affidavit set out herein was unlawfully procured, and defendant's objection to its introduction should have been sustained.

There are other errors assigned, but the view we take of this record we do not deem it necessary to consider them. Under the law, the testimony is insufficient to sustain a conviction.

For the errors indicated, the judgment of the lower court is reversed.

DOYLE, P. J., concurs.

EDWARDS, J., not participating.